UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donna Van Norden,<br><br>    Plaintiff<br><br>v.<br><br>Blackwater Legal Group,<br><br>    Defendant | Case No.: 2:22-cv-001814-JAD-EJY<br><br>**Order Denying Motion for Default Judgment**<br><br>[ECF No. 9] |

Donna Van Norden sues the Blackwater Legal Group for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) by demanding payment from her on a 2011 payday loan from Advance America after the ten-year statute of limitations for collecting that debt expired.[1] Blackwater failed to respond to the complaint, and default was entered against it.[2] Van Norden now moves for default judgment and an award of attorneys' fees and costs.[3] Because Van Norden has not shown that the facts she alleges state a claim under the FDCPA for which she is entitled to relief, and she offers no proof of actual damages, I deny the motion without prejudice to Van Norden's ability to file a more substantive motion by August 9, 2024.

**Discussion**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment from the court if the clerk previously entered default based on a defendant's failure to defend.[4]

---

[1] ECF No. 1.
[2] ECF No. 7.
[3] ECF No. 9.
[4] *See* Fed R. Civ. P. 55(b)(2).

The court has discretion to enter a default judgment.[5] That discretion is guided by the seven *Eitel* factors, which include "the merits of plaintiff's substantive claim" and "the sum of money at stake in the action."[6] Once default has been entered, the court must take all of the complaint's factual allegations as true, except those relating to damages.[7] But that means that the plaintiff, in her motion for default judgment, still must show how those facts prove the merits of her substantive claim. And when those factual allegations don't give the court a basis for calculating actual damages, the plaintiff also must supply proof of such damages in her motion.[8]

Here, the plaintiff's legal theory is that Blackwater's attempt to collect on a debt for which the statute of limitations had run violated the FDCPA. But she offers no authority or argument for the proposition that such actions violate the Act.

Even if she had, however, this motion would still fall short of giving this court a proper foundation for an award of damages. The FDCPA authorizes an award of actual damages up to $1,000 against a debt collector "who fails to comply with" the Act.[9] But that maximum $1,000 sum is not automatic. In calculating such an award, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."[10] Van Norden offers only the conclusory argument that $1,000 "is reasonably proportionate to the harm caused by Defendant," and she doesn't elaborate in any way on what those harms actually are. Did she have to pay a lawyer to

---

[5] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[6] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[7] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).
[8] *See* Fed. R. Civ. P. 55(b)(2).
[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(b)(1).

respond to Blackwater's correspondence? Did she incur medical expenses from mental-health and emotional-distress injuries it caused? Van Norden doesn't say. Nor does she describe the frequency or persistence of Blackwater's noncompliance. This silence leaves the court unable to conduct any meaningful analysis of the *Eitel* factors.

### Conclusion

IT IS THEREFORE ORDERED that **the motion for default judgment [ECF No. 9] is DENIED without prejudice to the plaintiff's ability to file a new motion that supplies the missing information no later than August 9, 2024**. Failure to file a timely renewed motion by this deadline could result in this case being dismissed for want of prosecution.

_____
U.S. District Judge Jennifer A. Dorsey
July 11, 2024