UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donna Van Norden, | Case No.: 2:22-cv-01814-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Plaintiff's Motion for Default Judgment** |
| Blackwater Legal Group, | [ECF No. 11] |
| Defendant | |

Plaintiff Donna Van Norden moves, again, for default judgment against Blackwater Legal Group. Blackwater hasn't responded or appeared since Van Norden filed her complaint on October 28, 2022.[1] Consequently, the Clerk of Court entered default against Blackwater on October 20, 2023.[2] I denied Van Norden's first motion for default judgment because it lacked necessary factual support for her Fair Debt Collection Practices Act claim and the damages that she requested.[3] Her amended motion successfully makes a case for default judgment but falls short of establishing that she is entitled to the maximum statutory damages that she requests. So I grant Van Norden's motion for default judgment and award her attorney's fees and costs. But I deny her request for an additional $1,000 and instead award her $500 in statutory damages.

## Background

In September 2022, Van Norden received a collection letter from Blackwater.[4] The letter made various threats of impending legal action, including "we are now reviewing your account

---

[1] ECF No. 1.
[2] ECF No. 7.
[3] ECF No. 10.
[4] ECF No. 1 at 4.

for immediate legal action (filing a lawsuit) against you."[5]  The debt in question was a payday loan issued by Advance America in 2011.[6]  Because she received the collection letter eleven years after the creation of the debt, Van Norden claims that Blackwater's collection effort was barred by Nevada Revised Statute (NRS) 11.190(1)(b), which sets a six-year statute-of-limitations for "[a]n action upon a contract, obligation or liability founded upon an instrument in writing."[7]

Van Norden sued Blackwater a month after receiving the letter, alleging that it violated several provisions of the Fair Debt Collection Practices Act (FDCPA) by threatening legal action that was actually barred by the law and making false representations in an attempt to collect the debt.[8]  Her complaint requests actual damages under 15 U.S.C. § 1692k(a)(1), $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), and litigation costs and attorney's fees under 15 U.S.C. § 1692k(a)(3).[9]  To date, Blackwater has failed to appear in these proceedings.  Having obtained an entry of default from the Clerk of Court, Van Norden seeks a default judgment.[10]

## Discussion

Van Norden's initial motion for default judgment failed, in part, because it provided "no authority or argument" showing that Blackwater's collection letter violated the FDCPA.[11]  Her

---

[5] *Id.*
[6] ECF No. 1 at 3.
[7] ECF No. 11 at 2; Nev. Rev. Stat. § 11.190(1)(b).
[8] *Id.* at 3–4; ECF No. 1.
[9] *Id.* at 6.
[10] ECF No. 11.  I denied Van Norden's first motion for default judgment without prejudice.  ECF No. 10.
[11] ECF No. 10 at 2.

amended motion supports her claim by further discussing Blackwater's letter, which is appended to the motion.[12]  Van Norden argues, once again, that the letter violated the FDCPA by threatening legal action that was time-barred by the six-year statute of limitations for enforcing written instruments outlined in NRS 11.190(1)(b).[13]

**A.    Default-judgment standard**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment after a clerk of court enters default based on a defendant's failure to defend.[14]  Whether to grant a motion for default judgment lies within the trial court's discretion.[15]  Courts take the factual allegations of a complaint, except the alleged amount of damages, as true after default has been entered.[16]  But "necessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[17]  In the Ninth Circuit, a court's discretion to grant default judgment is guided by the factors outlined in *Eitel v. McCool*: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[18]

---

[12] ECF No. 11; ECF No. 11-7.
[13] ECF No. 11 at 2.
[14] Fed R. Civ. P. 55(b)(2).
[15] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[16] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).
[17] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).
[18] *Eitel*, 782 F.2d at 1471–72.

**B.     The *Eitel* factors weigh in favor of default judgment.**

   *1.     Possibility of prejudice to Van Norden*

The first *Eitel* factor weighs in favor of default judgment because Van Norden would otherwise likely be without other recourse or recovery. Blackwater's failure to appear or respond prejudices her ability to litigate her claim on its merits.

   *2.     Substantive merits and sufficiency of Van Norden's claim*

The second and third *Eitel* factors require Van Norden to "state a claim on which [she] may recover."[19] To successfully bring a claim under the FDCPA, a plaintiff must establish that (1) she is a consumer; (2) she "has been the object of collection activity arising from a consumer 'debt' within the meaning of the FDCPA; (3) [the] defendant is a 'debt collector' as defined by the FDCPA;" and (4) the defendant's "act or omission" violated the FDCPA.[20]

Van Norden's complaint establishes that she was the consumer of a payday loan, that Blackwater was assigned the right to collect on her debt, and that Blackwater engaged in collection activity by sending her a letter on September 9, 2022.[21] A suit to enforce the contract for Van Norden's payday loan would have been time-barred by NRS 11.190(1)(b)'s six-year statute-of-limitations as the debt was well over six years old at the time of Blackwater's collection attempt. But the complaint only alleges that Blackwater sent a letter threatening to file a time-barred suit, not that it ever actually took legal action to collect on the debt.[22] So to

---

[19] *Pepsico, Inc. v. California Sec. Cans*, 238 F. Supp. 2d. 1172, 1175 (C.D. Cal. 2002); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[t]he issue here is whether the allegations in the complaint are sufficient to state a claim on which the trustee may recover").

[20] *Miranda v. L. Off. of D. Scott Carruthers*, 2011 WL 2037556 at *4 (E.D. Cal. May 23, 2011) (citing *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004)).

[21] ECF No. 1 at 3–4.

[22] *Id.* at 4.

4

determine whether this is a claim on which Van Norden can recover, I must determine whether the mere threat to file a time-barred lawsuit is enough to violate the FDCPA.

In *Kaiser v. Cascade Capital, LLC*, the Ninth Circuit stated that collection practices prohibited by the FDCPA include "filing or threatening to file a lawsuit to collect debts that were defaulted on so long ago that a suit would be outside the applicable statute of limitations."[23] The *Kaiser* panel held that threats to sue to collect a time-barred debt violate the FDCPA even when that threat is implied rather than express.[24] It further held that a threat to sue "implicitly represents that the debt is legally enforceable, at least absent a clear disclaimer to the contrary," and such misrepresentation of the legal status of a debt also violates the FDCPA.[25]

The collection letter states that Blackwater is considering "immediate legal action" against Van Norden and threatens that, if she fails to pay by September 16, 2022, it will "immediately have [her] served a court summons by the County Sheriff's Office to appear in civil court for further action."[26] It further threatens that a civil judgment against Van Norden would be "immediately reported to the credit bureau and [] aggressively enforced" and would generally result in "wage garnishment and/or lien against personal property or bank account."[27] The fine print at the bottom of the letter stating that Blackwater will ensure the legal proceedings comply with state law is not a sufficient disclaimer of Blackwater's repeated, explicit threats to sue to collect a legally unenforceable debt in a letter titled "Notification of Lawsuit & Civil

---

[23] *Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 1130 (9th Cir. 2021).
[24] *Id.* at 1136.
[25] *Id.* at 1134.
[26] ECF No. 11-7 at 2.
[27] *Id.*

Complaint."[28] So, applying relevant precedent and considering the repeated threats of legal action in the collection letter, I find that Van Norden has stated an FDCPA claim on which she could recover.

### 3. Sum of money at stake in the action

Under the fourth *Eitel* factor, courts consider the amount of money at stake in relation to the seriousness of the defendant's conduct.[29] The court must evaluate whether the plaintiff is seeking damages proportional to the harm caused by the defendant's actions.[30] As the District of Arizona articulated, "[i]f the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."[31]

Van Norden requests a total of $5,089.25: statutory damages of $1,000, $842 in costs, and attorney's fees of $3,247.25.[32] As I will discuss in Section B, Van Norden hasn't adequately argued that she is entitled to the maximum statutory damages that she requests. But her other requests are reasonable and, overall, she isn't seeking exorbitant sums of money—in fact, her motion doesn't appear to request any actual damages—so I find that this factor is no bar to default judgment.

---

[28] *Id.*

[29] *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (upholding district court's examination of damages, which involved a determination of whether plaintiff "only seeks contractual damages directly proportional to [defendant's] breach of the contracts") (internal quotation marks and citation omitted); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) ("[Courts consider] the amount of money at stake in relation to the seriousness of [defendant's] conduct.").

[30] *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

[31] *Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006).

[32] ECF No. 11 at 2.

### 4. *Possibility of a dispute concerning material facts and excusable neglect*

As for the possibility of dispute concerning material facts, Van Norden has adequately alleged an FDCPA claim and Blackwater has failed to appear or otherwise respond. Because the facts in the complaint are now deemed true, no factual disputes exist that would preclude the entry of default judgment. So the fifth factor weighs in favor of Van Norden's motion. So does the sixth factor, as there is no indication in the record that Blackwater's failure to appear in this case was due to excusable neglect.

### 5. *Strong policy favoring decisions on the merits*

"Generally, default judgments are disfavored because cases should be decided upon their merits whenever reasonably possible."[33] But Blackwater's complete failure to respond to this action does not suggest that adjudication of this case on its merits is reasonably possible. And given the other factors weighing in favor of default judgment, I find that entering default judgment against Blackwater is appropriate.

**B.  Van Norden's requests for attorney's fees and costs are reasonable, but her prayer for statutory damages still lacks adequate factual support.**

Van Norden's motion for default judgment doesn't seek any actual damages, but she requests $1,000 in statutory damages, $842 for costs, and $3,247.25 in attorney's fees.[34] I evaluate each request in turn.

---

[33] *Eitel*, 728 F.2d at 1472.

[34] ECF No. 11 at 2.

### 1. *Statutory damages*

Van Norden's first motion for default judgment stated that the maximum award of $1,000 in statutory damages was appropriate but did not explain why.[35] The amended motion offers more details of the distress Blackwater's letter and failure to respond to this action caused Van Norden.[36] It alleges that she suffered "mental anguish," shame, sleeplessness, and physical discomfort caused by that sleeplessness.[37] It also asserts that she saw a therapist to discuss Blackwater's debt collection efforts.[38]

Under the FDCPA, successful plaintiffs are entitled to actual damages, costs, "a reasonable attorney's fee as determined by the court," and additional statutory damages, which are capped at $1,000 for individual actions.[39] But Section 1692k(b)(1) of the statute requires courts to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" when calculating additional statutory damages for an individual action.[40] The Ninth Circuit has gone as far as saying that a plaintiff "must" prove that the defendant's violation of the FDCPA was intentional to obtain the maximum amount of statutory damages.[41] I quoted those factors in my order denying Van Norden's first motion,[42] yet none of them are addressed in her new

---

[35] ECF No. 9 at 7.
[36] ECF No. 11 at 8.
[37] *Id.*
[38] *Id.*
[39] 15 U.S.C. § 1692k(a); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 578 (2010).
[40] 15 U.S.C. § 1692k(b)(1).
[41] *McCullough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011).
[42] ECF No. 9 at 2.

arguments for statutory damages.[43]  Because Van Norden still hasn't argued the necessary factors, I cannot find on this record than an award of $1,000 in statutory damages is merited.

As for what statutory damages, if any, are appropriate, the Eastern District of California's reasoning on a similar matter in *Davis v. Hollins Law* is persuasive.[44]  Davis requested the maximum $1,000 in statutory damages, and the court denied that request because there was no evidence that the defendant had violated the FDCPA intentionally or more than once.[45]  The *Davis* court also noted that nature of the violation—omitting a required disclosure from one of several communications between the parties—was not severe.[46]  The court concluded that $250 was an appropriate award of statutory damages.

This matter also concerns a single FDCPA violation, and there is no evidence that Blackwater's noncompliance was intentional.  But the nature of this violation is more troubling than the noncompliance at issue in *Davis*.  The Blackwater collection letter is styled as a "Notification of Lawsuit & Civil Complaint," references "immediate" legal action, and warns Van Norden that a civil judgment would be reported to the credit bureau and could result in wage garnishment.[47]  This language creates the impression that a lawsuit with severe consequences is imminent when, in fact, Blackwater was legally barred from suing to enforce the debt.  So, balancing the nature of the violation against the other factors, I find that a statutory award of $500 is appropriate.

---

[43] *See* ECF No. 11 at 8.
[44] *Davis v. Hollins Law*, 25 F. Supp. 3d 1292 (E.D. Cal. 2014).
[45] *Id.* at 1295–96.
[46] *Id.* at 1296.
[47] ECF No. 11-7 at 2.

### 2. *Attorney's fees*

Van Norden also seeks attorney's fees. She requests $3,247.25 and provides a table showing the rates and hours worked by her two attorneys to illustrate how she reached that number. She argues that her proposed attorney's fees award is not only reasonable but "mandated" by the FDCPA.[48]

The FDCPA is a fee-shifting statute, meaning that debt collectors who violate the statute are liable for the plaintiff's attorney's fees and costs.[49] Those attorney's fees must be "reasonable [] as determined by the court."[50] In the Ninth Circuit, district courts must calculate reasonable attorney's fees under the FDCPA with the "lodestar" method, which involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[51] The lodestar calculation is strongly presumed to be reasonable and should only rarely be adjusted to account for other factors like the complexity of the issues or the special skills of counsel.[52] "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended."[53]

Van Norden applies the lodestar method to calculate attorney's fees and provides justification for the proposed rates and hours.[54] And she appends a table accounting for the

---

[48] ECF No. 11 at 8–9.

[49] 15 U.S.C. § 1692k(a)(3); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).

[50] 15 U.S.C. § 1692k(a)(3).

[51] *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir.2001), *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

[52] *Id.* at 370 n.8, n.9.

[53] *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

[54] *See* ECF No. 11 at 9–15 (averring that the hours and rates are reasonable and providing information about Van Norden's attorneys' experience and typical rates).

hours expended and rates charged by each attorney.[55]  I do not find circumstances warranting adjustment of this presumptively reasonable calculation and accept it as the reasonable attorney's fees that Van Norden is owed under Section 1692k(a)(3) of the FDCPA.  So I grant Van Norden's request for $3,247.25 in attorney's fees.

### 3. Costs

Finally, Van Norden seeks $842 in costs, attaching a list of expenses to her motion showing that she spent $440 effecting service of process and $402 on filing fees.[56]  Section 1692k(a)(3) provides that a successful debtor is entitled to "the costs of the action" in addition to reasonable attorney's fees.[57]  Because I do not find that the costs enumerated by Van Norden are unreasonable, I also grant her request for $842 in costs.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Donna Van Norden's motion for default judgment **[ECF No. 11] is GRANTED**.  The Clerk of the Court is directed to **ENTER FINAL JUDGMENT** in favor of Donna Van Norden and against Blackwater Legal Group in the total amount of $4,589.25 and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 10, 2024

---

[55] *See* ECF No. 11-4 at 2.
[56] ECF No. 11 at 15; ECF No. 11-5 at 2.
[57] 15 U.S.C. § 1692k(a)(3).